CAS101                          DOCKET BOOK REPORT                        PAGE    1

CASE # CV44809                   COURT: 62ND JUDICIAL DISTRICT           09/29/2021
CAUSE: INJ/DAM-OTHER INJ/DAM
STYLE: CATHY WILLIAMS          VS WALMART, INC. A/K/A WALMART
                                  STORES TEXAS D/B/A WALMART
                                  SUPERCENT NO. 417

                                     PLAINTIFF

NAME                                                ATTORNEY
_____                    _____

WILLIAMS,CATHY              P                       MATTHEWS,STEWART
14204 SEMINOLE STREET                               2106 W. ENNIS AVE
                                                    SUITE B
BALCH SPRINGS, TX 75180                             ENNIS, TX 75119
                                                    972-398-6666

                                     DEFENDANT

NAME                                                ATTORNEY
_____                    _____

WALMART, INC.               D                       MERRITT,EDWARD L
1750 S. BROADWAY STREET                             PO DRAWER 2072
SULPHUR SPRINGS, TX 75482                            LONGVIEW TX 75606
                                                    903-757-4001

                                   _____

TRANSACTIONS FOR ALL PARTIES                        / /      THRU   / /

08/30/2021            PLAINTIFF'S ORIGINAL PETITION/CC                      I     7
WILLIAMS,CATHY
08/30/2021            CHARGES ASSESSED BY EFILE                    317.00-
WILLIAMS,CATHY        EFILE ENVELOPE ID:56773226
08/30/2021            PAYMENT RECEIVED THRU EFILE                  317.00
WILLIAMS,CATHY        EFILE SUBMITTER ID: MATTHEWS,STEWART COURT ID: HOP
08/31/2021            CHARGES ASSESSED BY EFILE                      8.00-
WILLIAMS,CATHY        EFILE ENVELOPE ID:56800719
08/31/2021            PAYMENT RECEIVED THRU EFILE                    8.00
WILLIAMS,CATHY        EFILE SUBMITTER ID: MATTHEWS,STEWART COURT ID: HOP
08/31/2021            OUT OF COUNTY CITATION ISSUED TO BE SERVED BY         I     1
WILLIAMS,CATHY        PPS/WALMART,INC/MM
08/31/2021            EMAIL REGARDING OUT OF COUNTY CITATION                I     1
WILLIAMS,CATHY        ISSUANCE/WALMART/MM
08/31/2021            REQUEST FOR CITATION/MM                               I     2
WILLIAMS,CATHY
09/27/2021            DEFENDANT'S ORIGINAL ANSWER/MM                        I     4
WALMART, INC.

                                   A CERTIFIED COPY

                       ATTEST:_____
                              CHERYL FULCHER, DISTRICT CLERK
                              HOPKINS COUNTY, TEXAS

                       BY Madison McCarver DEPUTY

                       DATE:    09/29/2021

A Certified Copy
ATTESTED:
District Clerk
Hopkins County, TX
Page ___ of ___



EXHIBIT
A

 CT Corporation

**Service of Process Transmittal**
09/03/2021
CT Log Number 540188567

TO: Kim Lundy- Email
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

RE: **Process Served in Texas**

FOR: WAL-MART, INC.  (Former Name)  (Domestic State: DE)
WALMART INC. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Re: Williams Cathy // To: WALMART INC.<br>*Name discrepancy noted.* |
| DOCUMENT(S) SERVED: | Citation, Original Petition and Jury Demand, Certificate |
| COURT/AGENCY: | 62nd Judicial District Court Hopkins County, TX<br>Case # CV44809 |
| NATURE OF ACTION: | Personal Injury - Slip/Trip and Fall - 07/21/2021, Store #417, at 1750 S. Broadway Street, Sulphur Springs, Texas 75482 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Dallas, TX |
| DATE AND HOUR OF SERVICE: | By Process Server on 09/03/2021 at 10:46 |
| JURISDICTION SERVED : | Texas |
| APPEARANCE OR ANSWER DUE: | On or before 10:00 a.m. of the Monday next after the expiration of 20 days after the date of service hereof |
| ATTORNEY(S) / SENDER(S): | Stewart D. Matthews<br>2106 W. Ennis Avenue, Suite B<br>Ennis, TX 75119<br>972-398-6666 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 09/03/2021, Expected Purge Date: 09/08/2021<br><br>Image SOP |
| REGISTERED AGENT ADDRESS: | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**            Fri, Sep 3, 2021

**Server Name:**     Drop Service

| Entity Served | WALMART INC. |
|---|---|
| Case Number | CV44809 |
| Jurisdiction | TX |



CAUSE NO.  **CV44809**

**THE STATE OF TEXAS:**                          **ATTORNEY FOR PLAINTIFF/DEFENDANT**

**CHERYL FULCHER – DISTRICT CLERK**        **STEWART MATTHEWS**
**282 ROSEMONT ST, SUITE 2**               **2106 W. ENNIS AVE**
**SULPHUR SPRINGS, TX 75482**              **SUITE B**
                                           **ENNIS, TX 75119**

## CITATION FOR PERSONAL SERVICE

TO:    WALMART, INC.
       REGISTERED AGENT: CT CORPORATION SYSTEM
       1999 BRYAN STREET, SUITE 900
       DALLAS, TX 75201-3136

**DEFENDANT:**

You are hereby commanded to appear before the **62ND JUDICIAL DISTRICT** Court of Hopkins County, Texas, to be held at the courthouse of said County in the City of Sulphur Springs, Hopkins County, Texas, by filing a written answer to the petition of plaintiff's on or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof a copy of which accompanies this citation, in Cause No. **CV44809**

**CATHY WILLIAMS**

**VS**

**WALMART, INC. A/K/A WALMART**
**STORES TEXAS D/B/A WALMART**
**SUPERCENT NO. 417**

Filed in said Court on **30th day of August, 2021.**

**NOTICE TO DEFENDANT**: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

WITNESS, CHERYL FULCHER, DISTRICT CLERK OF THE DISTRICT COURT OF HOPKINS COUNTY, TEXAS.

Issued and given under my hand and seal of said Court at office this the 31st day of August A.D., 2021.

                                    CHERYL FULCHER – DISTRICT CLERK
                                    HOPKINS COUNTY, TEXAS

                                    _____ DEPUTY

### OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M., on the ___ day of _____, ____.
Executed at (address)_____ in _____ County at _____ o'clock ___.M. on the ___ day of _____, ____, by delivering to the within named _____, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

TOTAL SERVICE FEE $ _____

                                    _____
                                    Sheriff/Const/PPS
                                    County, Texas

Filed 8/30/2021 11:37 AM
Cheryl Fulcher
District Clerk
Hopkins County, Texas

Cindy Caviness

CAUSE NO. CV44809 _____

| | | |
|---|---|---|
| CATHY WILLIAMS | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | 62nd  JUDICIAL DISTRICT |
| WALMART, INC. A/K/A | § | |
| WALMART STORES TEXAS | § | |
| D/B/A WALMART SUPERCENT NO. 417 | § | HOPKINS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CATHY WILLIAMS,  Plaintiff, by and through her attorneys of record, Stewart Matthews with S.D. MATTHEWS & ASSOCIATES, P.L.L.C., and files this Original Petition and Jury Demand complaining of Defendant WALMART, INC., and for her cause of action would  respectfully show the Court and jury as follows:

### I.
### Discovery Control Plan

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends  to  conduct discovery under Level III Control Plan.

### II.
### Parties

1.  Plaintiff Cathy Williams is a resident of Balch Springs, Dallas County, Texas. Plaintiff's last three digits of her drover's license are 007 and last three of her social security number are 056.

2.  Defendant WALMART is a company engaged in the restaurant business within the state of Texas. Service of process may be made on this defendant by serving its registered agent, CT CORPORATION SYSTEM, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## III.
## Jurisdiction and Venue

3.   The amount in controversy exceeds the minimum jurisdictional limits of this Court.

4.   Venue is proper in Hopkins County, Texas pursuant to section 15.002 of the Texas Civil Practice and Remedies Code. Upon proper service of Defendants, this Court has jurisdiction and venue is proper.

## IV.
## TEX. R. CIV. P. 47

5.   As a general matter, Plaintiff's counsel believes that the amount of damages to be awarded to a claimant is strictly within the province of the jury. The damages sought by Plaintiffs in this case won't be measured by a specific dollar amount as much as they are based on the collective wisdom of a jury. Indeed, the jury will be reminded that it is solely up to them to award intangible damages for all applicable non-economic damages. The jury will also be reminded of the value that we as free Americans place on human life and our right to be free from pain and suffering and to pursue happiness however we see fit.

6.   Despite all of the foregoing, due to the new rules put in place in 2013, and pursuant to Texas Rule of Civil Procedure 47(c)(5), Plaintiff hereby states that Plaintiff is seeking monetary relief of $1,000,000.

7.   Plaintiff is required to indicate a maximum award sought. At this time (without the advent of discovery and testimony of the parties, witnesses and experts, with the understanding Plaintiff reserves the right to amend this amount pursuant to Texas Rules of Civil Procedure and the evidence, and with the understanding Plaintiffs defer to the jury as the sole determiners of the amount to be awarded be that amount less or more than indicated herein) the maximum amount sought for the injuries and damages the Plaintiffs have had to endure is $1,000,000.

## V.
### Facts

8.  Plaintiff CATHY WILLIAMS was a customer of Defendant WALMART, located at 1750 S. Broadway Street, Sulphur Springs, Texas 75482 when, on July 21, 2021, Plaintiff was checking out at the self-check-out area.

9.  As she was leaving, she slipped and violently fell on some form of liquid which was in a the highly used and traveled area.

10. As a result of the incident, Plaintiff Cathy Williams suffered significant injuries requiring multiple surgeries, including but not limited to fractures of her hip and elbow.

11. Plaintiff Cathy Williams has incurred substantial medical expenses as a result of her injuries.

    12. Plaintiff Cathy Williams injuries include extreme physical pain and suffering, and tremendous mental and emotional anguish, all of which will continue well into the future, if not for the remainder of Plaintiff's life.

13. At the time of the incident, Defendant WALMART owned the store and premises located at 1750 S. Broadway Street, Sulphur Springs, Texas, where the incident occurred.

## VI.
### Causes of Action

14. Negligence of Defendant WALMART:

    a.  Failing to maintain premises in a safe and reasonable manner;

    b.  Failing to properly monitor premises for potentially dangerous/hazardous conditions existing on the premises;

    c.  Failing to package produce properly; and

    d.  Failing to provide sufficient staff to monitor highly traveled and areas utilized by customers.

15. Gross Negligence of Defendant **WALMART**

a. The aforesaid negligent acts and omissions, when viewed
objectively, involved an extreme degree of risk considering the
probability and magnitude of potential harm to Plaintiff;

b. Defendant was subjectively aware of such risk;

c. Defendant proceeded with conscious disregard for the rights,
safety, and/or welfare of Plaintiff;

16. Defendant is liable for punitive or exemplary damages resulting from its grossly negligent
conduct because it:

i. Authorized the doing and the manner of the acts and omissions in
question;
ii. Recklessly employed personnel who were overworked, understaffed or
unfit, incompetent, and/or unqualified to perform the duties and tasks
assigned to them;
iii. Employed personnel in managerial positions who were acting within
the course and scope of their employment at the time the negligent acts
and/or omissions occurred and failed to stop or prevent such acts
and/or omissions; and/or
iv. Through its officers, managers, supervisors, or higher-level
employees, ratified or approved the negligent acts and/or omissions in
question.

17. For these reasons Plaintiff contends that Defendant actions or inactions rise to the level of
gross negligence as defined by Chapter 41 of the Texas Civil Practices and Remedies Code.

## VII.
### Damages for Plaintiff

18. As a direct and proximate cause of the negligence and gross negligence described
herein, Plaintiff was caused to suffer severe injuries and to incur the following
damages:

a) Reasonable medical care and expenses in the past. These expenses were
incurred by Plaintiff for the necessary care and treatment of the injuries
resulting from the accident complained of herein and such charges are
reasonable and were usual and customary charges for such services in Hopkins
County, Texas;
b) Reasonable and necessary medical care expenses which will in all reasonable

probability be incurred in the future;
c)  Physical pain and suffering in the past;
d)  Physical pain and suffering in the future;
e)  Mental anguish in the past; and
f)  Mental anguish in the future.

As a result of the grossly negligent conduct set forth above, Plaintiff is entitled to recover exemplary and punitive damages, in addition to her actual damages.

## VIII.
## Jury Demand

19. Plaintiff demands a trial by jury.

## IX.
## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendant be cited to appear and answer herein, and upon final a trial that said Defendant be found liable for the following damages and that judgment be entered in the Plaintiff's favor awarding the following: judgment against Defendant, in a sum in excess of the minimum jurisdictional limits of this Court; actual damages in an amount within the jurisdictional limits of the Court; Exemplary and punitive damages within the jurisdictional limits of the Court; Pre-judgment interest at the maximum rate allowed by the law; Post judgment interest at the maximum rate allowed by the law; Costs of Court; For past and future reasonable and necessary medical expenses; For past, present and future physical pain and mental anguish: such other and further relief to which the Plaintiff may be entitled.

Respectfully submitted,

_/s/ Stewart D. Matthews_
Stewart D. Matthews
State Bar No. 24039042
Attorney@accidentlawyer.legal
2106 W. Ennis Avenue
Suite B
Ennis, Texas 75119
(972) 398-6666 – Phone
(214) 206-9991 – Fax

**Attorney for Plaintiff**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Stewart Matthews on behalf of Stewart Matthews
Bar No. 24039042
productslawyer@aol.com
Envelope ID: 56773226
Status as of 8/30/2021 2:32 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Marissa DVavra | | marissa@accidentlawyer.legal | 8/30/2021 11:37:43 AM | SENT |
| Stewart DMatthews | | attorney@accidentlawyer.legal | 8/30/2021 11:37:43 AM | SENT |
| Jessica Trojacek | | jessica@accidentlawyer.legal | 8/30/2021 11:37:43 AM | SENT |

CV44809

Filed 9/27/2021 3:01 PM
Cheryl Fulcher
District Clerk
Hopkins County, Texas

Madison McCarrier

## CAUSE NO. CV44809

| | | |
|---|---|---|
| **CATHY WILLIAMS,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | |
| | § | **62ND JUDICIAL DISTRICT** |
| **WALMART, INC. A/K/A WALMART** | § | |
| **STORES TEXAS D/B/A WALMART** | § | |
| **SUPERCENT NO. 417,** | § | |
| | § | |
| *Defendant.* | § | **HOPKINS COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant, Walmart, Inc., files this Original Answer to Plaintiff's Original Petition and Jury Demand (the "Petition") of Plaintiff Cathy Williams, and in support thereof, respectfully shows the Court the following:

### I.   General Denial

Pursuant to Texas Rule of Civil Procedure 92, Defendant generally denies, all and singular, each and every material allegation contained in Plaintiff's Petition; Defendant says that same are not true in whole or in part and demands strict proof thereof as required by the Constitution and Laws of the State of Texas.

### II.   Affirmative Defenses

By way of further defense, Defendant would show that the incident was caused in whole or in part by the negligent acts or omissions of Plaintiff and/or a third person who is or is not currently a party to this action.

Pleading further, and in the alternative, if such be necessary, and subject to the foregoing pleas, and without waiving same, Defendant would state that in the event Defendant is held legally responsible to Plaintiff, any such responsibility being expressly denied by Defendant, then Defendant hereby invokes the provisions of Chapter 33 Comparative/Proportionate Responsibility of the Tex. Civ. Prac. & Rem. Code, which provisions would entitle Defendant, among other things, to reduction for the negligence, liability, responsibility or other conduct alleged which is attributable to any other party or settling person or third party.   Alternatively, Defendant would invoke the provisions of Chapter 32 and Chapter 33 of the Tex. Civ. Prac. & Rem. Code as that Code affects the rights of contribution and indemnity between parties to litigation in the State of Texas, and the provisions thereunder whereby Defendant is entitled to a credit for any settlement paid or to be paid to Plaintiff.

To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

To the extent that any health care provider has written off its charges for medical care for Plaintiff and/or paid charges for medical care in connection with the injuries underlying this suit, and in the unlikely event that Plaintiff obtains a final judgment against Defendant, Defendant is entitled to a credit and/or offset for the total amount of such write-offs and/or expenditures incurred and paid by others and accruing to Plaintiff pursuant to Texas Civil Practice & Remedies Code Section 41.0105.

**III.**

Defendant specially reserves the right to plead further prior to the time of trial of this lawsuit.

**IV.  Prayer**

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing, that Defendant recover its costs of suit, and for such other and further relief to which Defendant may show itself justly entitled, both special and general, at law or in equity.

Respectfully submitted,

By:       /s/  Edward L. Merritt

**Edward L. Merritt**
Tex. Bar No. 13967400
**Jessica M. LaRue**
Tex. Bar No. 24076019
**HARBOUR, SMITH, HARRIS &
MERRITT, P.C.**
222 N Fredonia Street
P.O. Drawer 2072
Longview, TX 75606
Telephone: 903-757-4001
Facsimile:  903-753-5123
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above instrument was electronically filed with the Court's e-filing system and a copy served thereby on all counsel of record this 27th day of September, 2021.

    /s/  Edward L. Merritt
EDWARD L. MERRITT

DEFENDANT'S ANSWER TO ORIGINAL PETITION AND JURY DEMAND

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Linda Boynton on behalf of Edward Merritt
Bar No. 13967400
lboynton@harbourlaw.com
Envelope ID: 57633458
Status as of 9/27/2021 3:10 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Stewart DMatthews | | attorney@accidentlawyer.legal | 9/27/2021 3:01:30 PM | SENT |
| Jessica Trojacek | | jessica@accidentlawyer.legal | 9/27/2021 3:01:30 PM | SENT |

Associated Case Party:  INC.WALMART

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Linda RBoynton | | lboynton@harbourlaw.com | 9/27/2021 3:01:30 PM | SENT |
| Edward L.Merritt | | emerritt@harbourlaw.com | 9/27/2021 3:01:30 PM | SENT |
| Jessica M.LaRue | | jessica@harbourlaw.com | 9/27/2021 3:01:30 PM | SENT |